UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANE WEISS,

        Plaintiff,

                                                     Case No. 05-CV-73897
vs.                                                 HON. GEORGE CARAM STEEH

THE MARK TRAVEL CORP., et al.,

        Defendant.

_____/

### ORDER DENYING PLAINTIFF'S REQUEST SET FORTH IN RESPONSE TO MOTION TO DISMISS (#2) TO DELAY ADJUDICATION OF MOTION TO DISMISS PENDING ADJUDICATION OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND (#6)

Plaintiff Lane Weiss filed a complaint in Michigan's Genesee County Circuit Court on September 9, 2005 alleging state law claims against defendants The Mark Travel Corporation ("MTC") and Ryan International Airlines, Inc. of battery, negligence, breach of contract, breach of implied warranty, violation of the Michigan Consumer Protection Act, and negligent infliction of emotional distress. Each of plaintiff's claims arise from second degree burns she allegedly suffered, while in flight to a vacation in Aruba, when a flight attendant allegedly spilled scalding hot water on her shoulder. Defendants removed the lawsuit to federal court on October 11, 2005 based on federal question jurisdiction pursuant to the averred preemptive effect of the Warsaw Convention applicable to personal injuries suffered during international travel. Defendant MTC moved two days later, on October 13, 2005, to dismiss plaintiff's claims based on the Warsaw Convention. A hearing on the motion to dismiss is scheduled for December 12, 2005.

On November 11, 2005, plaintiff filed a response to the motion to dismiss and a

motion for leave to file an amended complaint expressly alleging claims under the Warsaw Convention. In the response, plaintiff asks the court to delay adjudicating defendants'[1] motion to dismiss, arguing the motion to dismiss will become moot if the court grants plaintiff's motion for leave to file amended claims under the Warsaw Convention.

Defendants' motion to dismiss raises the preemptive effect of federal law vis-a-vis the Warsaw Act on state claims such as those filed in state court by plaintiff. If, as defendants argue, the Warsaw Act completely preempts plaintiff's state law claims, the state law claims will be subject to dismissal regardless of whether plaintiff is granted leave to file Warsaw Act claims. Whether plaintiff is entitled to leave to file a federal Warsaw Act claim will depend, in part, on whether such a claim would survive a motion to dismiss under Federal Rule 12(b)(6). See Foman v. Davis, 371 U.S. 178, 182 (1962). In moving to dismiss plaintiff's current state law claims, defendants argue that plaintiff cannot recover under the Warsaw Act. Whether plaintiff is entitled to leave to file amended Warsaw Act claims will thus depend upon the outcome of defendants' motion to dismiss scheduled to be heard on December 12, 2005. Accordingly, the court will hear oral argument on December 12, 2005 on defendants' motion to dismiss and plaintiff's motion for leave to file an amended complaint.

In closing, the court notes that defendants have not addressed in the briefs filed to date whether, assuming the Warsaw Convention preempts plaintiff's state law claims, a federal court has exclusive jurisdiction to make that determination. Plaintiff's complaint, on its face, does not raise a federal question. Generally, for a federal district court to exercise federal subject matter jurisdiction, the federal question must appear on the face of the

---

[1] Defendant Ryan International Airlines filed a motion to dismiss on November 9, 2005 where in states that it raises "No new issues" or "No new authorities," but "joins and adopts" defendant MTC's motion to dismiss.

2

complaint, not in a defense raised in the answer.  See Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987).  Query whether this lawsuit should be remanded to state court, allowing the state court to decide as a matter of federal law whether plaintiff's state law claims are subject to dismissal under the Warsaw Convention.  If this court did not have proper federal subject matter jurisdiction upon removal, it lacks subject matter jurisdiction to grant plaintiff leave to file an amended federal claim[2].  The parties should be prepared to discuss this jurisdictional issue at the December 12, 2005 hearing.

Plaintiff's request that the court delay adjudication of defendants' motion to dismiss pending a decision on plaintiff's motion for leave to file amended Warsaw Convention claims is hereby DENIED.  The court will hear oral argument on defendants' motion to dismiss, plaintiff's motion for leave to amend, and the jurisdictional issues raised by defendants' removal of this action from state court, as set forth herein.  The parties shall proceed accordingly.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  November 14, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 14, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

---

[2]  Plaintiff would be required to file a separate federal complaint if it is determined that the court lacked federal subject matter jurisdiction upon removal of plaintiff's state law claims.

3