UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANE WEISS,

       Plaintiff,

                                             Case No. 05-CV-73897
vs.                                           HON. GEORGE CARAM STEEH

THE MARK TRAVEL CORP., et al.,

       Defendant.

_____/

## ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT ADDING AN EXPRESS WARSAW CONVENTION CLAIM (#6), DISMISSING PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO STIPULATION, AND DENYING DEFENDANTS' MOTIONS TO DISMISS (#2, #9) AS MOOT

Plaintiff Lane Weiss filed a complaint in state court on September 9, 2005 alleging six state law claims against defendants The Mark Travel Corporation ("MTC") and Ryan International Airlines, Inc. ("RIA") based on personal injuries she suffered when a flight attendant allegedly spilled scalding water on her during a vacation flight to Aruba. Defendants removed the lawsuit to federal court on October 11, 2005 based on federal question jurisdiction and the alleged preemptive effect of the Warsaw Convention. Defendant MTC moved to dismiss the state law claims on October 13, 2005, also pursuant to the preemptive effect of the Warsaw Convention. RIA filed its own motion to dismiss on November 9, 2005. On November 11, 2005, plaintiff filed a motion for leave to amend her complaint to allege an express claim under the Warsaw Convention, and asked the court to defer ruling on the motion to dismiss until ruling on plaintiff's motion for leave to file an amended complaint. By Order dated November 14, 2004, the court denied plaintiff's request to defer ruling on the motion to dismiss. Defendants' motions to dismiss were scheduled for hearing on December 12, 2005.

On November 21, 2005, the parties filed a stipulation agreeing that plaintiff should be granted leave to add an express claim under the Warsaw Convention. Attached to the stipulation is a First Amended Complaint alleging the six state law claims and a seventh claim of "Liability Under the Warsaw Convention."[1] On November 29, 2005, defendants filed a "Notice of Withdrawal" of their motions to dismiss, representing that the parties have stipulated to the dismissal of plaintiff's state law claims.

Consistent with the parties' stipulation, plaintiff's motion for leave to file a First Amended Compliant adding an express claim of liability under the Warsaw Convention is hereby GRANTED. Pursuant to defendants' November 29, 2005 representation of a further stipulation, plaintiff's state law claims are hereby DISMISSED. The parties will be notified to appear at a scheduling conference under separate order.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 7, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

---

[1] The court notes that there is a distinction between "complete preemption" and "total preemption," the latter operating to "covert" totally preempted state law claims into federal claims. The distinction is important in situations involving removal. State law claims that are not subject to "total preemption" are not removable to federal court, but are instead subject to dismissal by the state court. In contrast, state law claims that are subject to "total preemption" are removable because the state law claims convert to federal claims as a matter of law, and thus amendment is not required. See 14B C. Wright, Miller & Copper, § 3722.1 (1998) and 2005 Pocket Part. See also Kelley v. Carr, 691 F.2d 800, 805 (6th Cir. 1980) (recognizing that lack of federal jurisdiction at time of removal cannot be cured by filing an amended federal claim after removal).